KENNETH W. BROOKS *vs.* THE HANOVER INSURANCE COMPANY. March 18, 1987. *Insurance,* Agent, Cancellation, Fire, Termination of agency contract, Notice. *Contract,* Insurance, Insurance agency. *Notice.*

This is an appeal by the defendant from a judgment entered against it in the sum of $23,291.74 after a trial before a judge of the Superior Court without a jury. The trial apparently consisted of the submission of the case to the court for decision on a statement of agreed facts.[1] The plaintiff's claim is for recovery of damages caused by fire to a building which had been insured by the defendant under a series of policies, the last of which had expired, without renewal, ten days before the fire occurred. We affirm the judgment.`

The pertinent facts are as follows. On July 1, 1975, the plaintiff (Brooks) purchased a dwelling in Scituate and insured the building under a fire insurance policy issued by the defendant (Hanover) through the latter's independent agent the James R. McDuffee Insurance Agency, Inc. (McDuffee), for a period of one year and in the amount of $25,000.00. On May 14, 1976, Hanover gave McDuffee written notice under G. L. c. 175, § 163, that it was terminating the latter's agency agreement effective August 25, 1976. Brooks was not informed of that termination. On July 7, 1976, the Brooks policy with Hanover was renewed by McDuffee for another

---

[1] There are several reasons for our use of the word "apparently." The record appendix includes a document entitled "Statement of Agreed Facts" which is not signed by either party and which does not say that it is a statement of all of the facts of the case. It is referred to in the briefs of both parties as "an Agreed Statement of Facts." The "Statement of Agreed Facts" in the appendix refers to ten different "Exhibits" which are supposedly attached thereto as a part thereof. However, those numbered 7, 8 and 9 are missing. The judge's decision includes some "Findings of Fact." That may suggest that some evidence was introduced at the trial, but there is no record of such evidence in the appendix. The finding of damages in the sum of $23,291.74 is probably based on the missing Exhibit 9 of the "Statement of Agreed Facts."

year through July 7, 1977, without any request therefor by Brooks. In June of 1977, McDuffee, knowing that its agency for Hanover had been terminated effective August 25, 1976, tried without success to insure the Brooks dwelling with some other insurance company. Brooks received no notice from either McDuffee or Hanover that his fire insurance policy with Hanover which was due to expire on July 7, 1977, would not be renewed or reissued. On July 17, 1977, the uninsured Brooks dwelling in Scituate was substantially damaged by fire in an amount of $23,291.74.

The policy issued to Brooks by Hanover and which had expired on July 7, 1977, contained the following provision which is required by G. L. c. 175, § 193P: "The company will give written notice to the insured of its intent not to renew or reissue this policy at least forty-five days prior to the expiration thereof." General Laws c. 175, § 193P, inserted by St. 1973, c. 378, § 2, also provides that "[t]he notice so required shall be sent or delivered either to the named insured at the mailing address shown in the policy or to the insurance agent of the company . . . who negotiated the issuance of the policy. If the policy was executed on behalf of the company, in whole or in part, by or on behalf of an insurance agent . . . of the company such notice shall be sent to such insurance agent . . . ." Hanover sent no notice to either Brooks or McDuffee of its intent not to renew or reissue the Brooks fire insurance policy on or after July 7, 1977.

Included in the facts agreed to by Brooks and Hanover in their "Statement of Agreed Facts" are the following: (a) that "[Brooks'] premiums were not in arrears or otherwise not paid," (b) that Brooks seasonably "filed a claim with [Hanover] for payment for fire damage," and (c) that "[Hanover] denied payment on the claim, and refuses to pay, citing the expiration of the policy ten days prior to the fire loss, and further relying upon its letter of May 14, 1976 sent to [McDuffee]" terminating McDuffee's agency as of August 25, 1976.

General Laws c. 175, § 193P, appears to have been enacted for the express purpose of protecting owners of dwellings from being trapped in situations similar to that in which Brooks finds himself, viz., victim of a fire loss without insurance coverage because of the failure of an insurer or insurance agent, or both, to notify him forty-five days before the expiration of his fire insurance that his policy would not be renewed or reissued on its expiration. Clearly the statute requires that the insurer give such a notice to the insured if there is no agent, or to the agent if there is one. Hanover sent no notice whatever of its intent not to renew or reissue the Brooks policy. It gives as its reason for not sending such a notice the fact that it had terminated McDuffee's agency effective on August 25, 1976. That notice by Hanover to McDuffee terminated the agency relationship between the two, but it did not terminate the relationship existing between Hanover and Brooks as insurer and insured. Hanover knew, forty-five days before the Hanover-Brooks fire insurance policy was to expire on July 7, 1977, that there was no longer an independent agent standing between it and Brooks.

It knew of the provisions of G. L. c. 175, § 193P, and the purpose behind the statute. The language of G. L. c. 175, § 193P, states clearly that if there is no insurance agent between the insured and the insurer, the insurer must send the notice of its intent not to renew or reissue the expiring policy directly to the insured. Hanover chose to send no such notice to either the former agent or to the insured, thus depriving Brooks of an opportunity to seek coverage elsewhere.

The notice which Hanover was required by G. L. c. 175, § 163, to give to McDuffee of its intent to terminate the latter's agency is not a substitute for the notice which Hanover was required by G. L. c. 175, § 193P, to give to Brooks of its intent not to renew or reissue the latter's policy. Section 163 was intended to protect or benefit independent insurance agents and brokers in their dealing with insurance companies. Section 193P was intended to protect or benefit owners of dwellings in their dealings with both independent insurance agents and insurance companies. Hanover's compliance with § 163 satisfied the obligation imposed thereby in its dealings with McDuffee, but it did not relieve, absolve or release Hanover from its obligation to its insured, Brooks, under § 193P.

*Judgments affirmed.*

*Brian R. Merrick* for the defendant.
*George F. Morrissey* for the plaintiff.